## S. E. WOODWORTH *v.* MORSE & MOORE.

By the Act of January 16th, 1860, an inn-keeper may limit his liability as a depositary by keeping "posted upon his door and other public places in his house of entertainment, written or printed notices to his guests and customers, that they must leave their valuables with the landlord, his agent or clerk, for safe keeping."

Inn-keepers are responsible as depositaries, for effects brought to their house by travelers who lodge therein; they are responsible even when their effects are stolen, unless they show that the same were stolen by force and arms, or with exterior breaking of doors (ou avec effraction exterieure), or by any other extraordinary violence (ou autre force majeure).

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Morgan & New,* for plaintiff. *W. H. Hunt,* for defendant.

HYMAN, C. J. Plaintiff, while on a journey to Washington City, stopped, in the latter part of the month of October, 1862, at the City Hotel in the city of New Orleans, where he lodged and deposited his trunk, containing seven hundred and eighteen dollars (five hundred and sixty-eight dollars of which amount belonged to him), some wearing apparel, official documents, etc.

On the afternoon of the 31st day of said month the inner door of the room in which his trunk was deposited was broken open, the trunk was prized open, and the money therein stolen.

He sued defendants to recover from them, as keepers of the hotel, the amount of the money stolen, which belonged to him, to wit: the sum of five hundred and sixty-eight dollars, with interest.

The District Judge gave judgment in favor of plaintiff for this amount, with interest and costs of suit.

Defendants have appealed.

The facts, as stated above, are substantially proven.

There is no error in the judgment of the lower Court.

Inn-keepers are responsible, as depositaries, for effects brought to their house by travelers who lodge therein; they are responsible even when their effects are stolen, unless they show that the same were stolen by force and arms, or with exterior breaking of doors (ou avec effraction extérieure), or by any other extraordinary violence (ou autre force majeure). See Civil Code, Arts. 2936, 2938, 2939.

These articles do not expressly limit the extent of the responsibility of inn-keepers for the effects brought by travelers to their houses; yet, the decisions of our Court have confined their responsibility to clothing and money usually and ordinarily carried by travelers in their trunks for the purposes of their journeys.

It is unnecessary in this case to question the correctness of these decisions, as the money in plaintiff's trunk was not an excessive or unusual amount for such a journey as he had undertaken.

Defendants might have easily avoided the responsibility imposed upon them by the articles of the Code referred to, by giving the notice authorized in an Act of the Legislature passed on the 16th of January, 1860, for the protection of hotel-keepers.

Judgment affirmed, with costs.

HOWELL, J., recused.